All right, our second case for this morning is EOR Energy against the Illinois Environmental Protection Agency. Mr. Gomez. May it please the court, I am Felipe Gomez on behalf of AET Environmental, Inc. and EOR Energy, LLC. I would initially like to thank the court on behalf of my clients for the time and ability to grieve their concerns to the district court and this court. Also we'd like to thank your time for the parties to brief this matter and for my overlong reply brief that the court granted the motion for enlargement of. We appreciate that. And a couple of housekeeping matters. Judge Wood, I apologize for addressing you as Justice Wood in my brief. I wasn't aware of the correct salutation. Hopefully that's aspirational. We're judges here. Maybe you can start by answering this question. How could we grant relief to you without flatly contradicting what the Illinois Appellate Court has already decided about which agency within the state has responsibility for the injection of this acid into the wells? Well we I have managed to boil this down to one simple sentence at least from our perspective. And at page 39 of the response brief the state made a statement that my clients have asked me what it means in that they stated the federal law becomes ineffective quote-unquote once the state program is approved for primacy by US EPA. Our position is that that is not correct. But answer my question. The Illinois courts have had a lot of litigation and they've devoted a lot of time to this. And to be quite honest normally the federal people you know federal courts, federal agencies don't really care which individual state agency has been assigned the responsibility for something. Could be IEPA, could be the Illinois Department of Family Services, could be a brand new agency. For all I care it could be the Department of Family Services you know. But it it's not a federal concern and the state courts have adjudicated the question who had the responsibility. And that then drives whether you needed certain kinds of permits. It really resolves everything. And we're not in the business of setting aside state court judgments. And we appreciate that. We're not asking the court to do that. But in effect you are. I don't see how we could give you any relief without utterly negating what the state court said. Well first of all your honor the question of the government not designating who's in charge. In this particular case 40 CFR 147 701 clearly delineate who has jurisdiction where. Our position is that 147 700 clearly prohibits ID&R from doing anything to a class 2 well. But the state courts listened to that argument from you and they were not persuaded. The state court determined that the material was that it was injected in that particular acidization was a hazardous waste which we disagree with. But we're not asking this court to go back and revisit it. And in fact we don't we believe you. So you want permission to inject hazardous wastes into these class 2 wells? No. If we were to do that we would need a class 1 permit theoretically. Although I'm not saying that. So wait a minute. This is baffling. Well it's a confusing case. Have you paid the two hundred and sixty thousand dollars in penalties and interest yet? No. Joints are allowed? We have not. Why not? You got a final judgment from the state court? Well because they issued demand letters and we said we're not going to pay. And the next step for the state is to enforce that in state court. They're free to take those orders and enforce it. And in fact the relief we're seeking from this court will not interfere with that process whatsoever. So you're gonna have to pay the money no matter what we say? If they choose to enforce it. And what this court says will not overturn the appellate court. But what do you want us to say? You're asking us to declare a certain extent cease and desist provisions of certain orders as ultra virus improper ad hoc rulemaking and void. That was the relief in the complaint. Yeah. Okay but today is there's been a shift because of the response that was filed. And we feel the issue that should be before this court today is whether 40 CFR 147 700 is effective in binding upon IEPA. It doesn't even apply. Or if it's ineffective as a matter of federal law. This is an interesting area. We're used to preemption arguments. Okay. But not here. Not not when the federal EPA has approved a state plan because it is at least as protective of the environment. But the plan that the US EPA approved for IDNR is different from what it approved from IEPA. IDNR deals with class 2 well specifically by this dealing with class 2 wells. IDNR is not. EPA is doing it. They're the ones who are saying you've your clients your clients look like they're lucky they weren't criminally prosecuted. They were investigated criminally. Exactly. And it was dropped. So instead we have the civil penalties that have not been paid. But if I could if we could back up to in essence the the federal questions. Let me try to I think I'm re-asking the same question. But what effect would relief in this federal case have on the earlier state court judgments and penalties and fines? Zero. So what good could a federal court do you and your clients? We want to acidize again. Oil is going up. EOR operates what's called stripper wells and that term comes from the IRS. You want to put more of this hazardous waste acid down into the wells. We're not going to. I just asked you that. We're not going to do that. You said no. So I don't understand. There are numerous materials that could be used. In this instance he got it from a wheel plating facility it looked like a bad thing but they hadn't used it. He could buy products on the market that contain chromium and one of the reasons the state went after them is because there was chromium in it. As the state is entitled to do you know I just don't understand. Either you're like you want to inject water or something clearly safe into these wells or you want to inject hazardous things. Chromium is a hazardous substance. That's well established. And you want us the federal court to tell the state of Illinois under the plan that's been approved which Illinois agency is supposed to do things when that issue was litigated. There are issue preclusion problems that you face. There are even claim preclusion problems that you face because you could have raised everything you're now talking about before the state courts. They're open for business. We did. And so then why should we re-litigate it for you? We're not asking for that. We're just asking the court to read a federal. Our request is that the court read 40 CFR 147-700 and say that it says what it says. That's all we're asking in the relief below. But it's because you disagree with the way the state courts read it that you want us now to do it. We're afraid that the state thinks that federal law is ineffective and that we will once again face a post facto ad hoc litigation battle like this based upon IEPA who we don't go to when we inject. We go to IDNR for the permission. We have a permit from them to do these things. You didn't understand what the Illinois court said that you've got to go to Illinois if you want to do this sort of thing? We disagree. You disagree and you lost in state courts under state law which is what controls here. I don't understand what we're doing. We believe federal law controls. Okay. That's why we're asking the federal courts to interpret federal law and we're pointing to 40 CFR 147-700. What is your response to the federal statutes that tell us that if the US EPA approves a state plan that state plan becomes the Well this group this is a common area of confusion as far as what in lieu of supersede and ineffective mean. Under the statutory structure state rules and existing laws are adopted by 40 CFR 147 and 700 happens to be Illinois but each of those has a different number for all the different states that have been approved. And within that the authority for the state IDNR and IEPA are 40 CFR 147-700 and 701. And it's a matter of federal law and it has nothing to do with federal law being superseded because 47-700 is the approving regulation. There is no analog to have it substituted for. It is the approval. So the approval cannot be ineffective is what we're arguing in. They mentioned this at page 39 of the response and I would direct the court with all due respect to part C of our response pages 7-22 which address this issue and in the brief it's at pages 41-45, 51, and 55, and 56. And as far as their response they address the issue at A5-8 and at page 39. Okay. We believe that's the part of the record the court should focus on. This is a federal matter of federal interpretation of law and we don't think there's any comedy or federalism issues. Okay. Thank you very much Mr. Gomez. Ms. Hunger. Good morning. May it please the court. Assistant Attorney General Sarah Hunger on behalf of the state defendants. This court should affirm the dismissal of plaintiff's second amended complaint for four independent reasons. The first, as was discussed, is that the district court lacks subject matter jurisdiction under Rooker-Feldman because plaintiffs are effectively seeking federal review of their loss in state court proceedings. The second, that these claims are also... Is it your view that the issues overlap perfectly between those before the Illinois Appellate Court and the 2015 decision and this one? Yes. We believe that they do they know everything they need to know about the regulatory jurisdiction as between IEPA and the Department of Natural Resources. If, for example, they would like to inject hazardous waste they have to go to IEPA. If not, then the Department of Natural Resources. So if they wanted to inject water they could... Yes. Go to DNR. Okay. Yes. So those issues do overlap perfectly and therefore in addition to Rooker-Feldman this claim, all of the claims, would be barred under collateral estoppel. Third, the action was also barred by the 11th Amendment as to the agency. There was no abrogation or waiver and those arguments were also forfeited and waived. As to Defendant Messina, there is no ongoing violation of federal law so the Ex parte Young exception would not apply. Finally... They're not really asking for any kind of prospective injunction that looks like Ex parte Young unless they're saying that please enjoin somehow all these Illinois agencies or their directors so that IEPA stays out of the business and IDNR is in it. It seems to be something they might be asking for, you know, just kind of hard to know ongoing violation that could be remedied because they do say that they would like to acidize again but that is not tied to any ongoing violation. They haven't stated what type of acid they would like to inject. Right. You raised Pennhurst, I know, in your brief. Do you understand these regulations as being fundamentally issues of state law or federal law? State law. I think if, for example, if the federal EPA were to bring a prosecution in federal court, they would apply the Illinois state law and so I think they would be looking to how the Illinois courts have interpreted that. So it all comes back to the same substantive law. Because it's an approved state plan. Yes, that's right. There are separate federal regulations that would apply if a state doesn't have a plan and that is what we meant by ineffective. So those federal regulations are not effective in Illinois because the state regulations are. That was the purpose of that in the brief. Finally, we would also argue that plaintiffs failed to state a claim because they do not fall within the zone of interests for the citizen suit provisions to the extent that those would apply. If the court has any questions, I'm happy to answer them. I do have one final question. So Rooker-Feldman, in a to look at an agency determination, but there is a circuit split on the question whether Rooker-Feldman has any force there. There is and we argue that the majority view should apply here because here you can track it all the way through. They're making the same arguments before the board. They made the same arguments in the state appellate court and also a sufficiency of the same exact argument. So they did lose in state court and I think that even if a federal judgment were directed only at the board, it would necessarily unwind the state appellate court judgment as well. So because it's not a pure agency case, there's a state court finding somewhere in the mix, so that's enough to trigger Rooker-Feldman? Yes, and this court addressed a similar issue in the did attempt to go to state court, but there was no subject matter jurisdiction. And so this court held that Rooker-Feldman would not bar that case because they did not actually lose in state court. Here, however, they did file a petition for leave to appeal in the Illinois Supreme Court, which was denied and then also a cert petition. So they certainly have litigated this all the way through. They did not come to federal court until one month after the case was filed. So this is not some sort of collateral Section 1983 due process claim that was running concurrently. So we think here that the majority view would apply and bar this complaint under Rooker-Feldman. Okay, anything further? Alright, thank you. Thank you very much, Ms. Hunger. And Mr. Gomez, your time expired, and so we will take this case under advisement. Thank you.